THE STATE ex rel. SEIBERT, Auditor, v. SEIBERT et al., Plaintiffs in Error.

Division Two, March 7, 1899.

Taxes: ACTION ON COLLECTOR'S BOND: ALLEGATIONS: DEMURRER. In an action by the State Auditor against a county collector of revenue and his bondsmen, for money alleged to have been collected by him as state revenue and for the state interest fund, the petition charged that in 1891 and 1892 the taxes were levied against two railroads named, that they were properly entered upon the tax books for said years, that the tax books were delivered to the collector, that the taxes were thereafter collected by him, and that he had failed to pay them into the state treasury. *Held*, that, as the collector by his demurrer to the petition admitted these allegations to be true, he is in no position to deny that the railroads were not the owners of the property with which they were assessed; *that*, having received the taxes as the representative of the State, it was his duty to pay them into the state treasury, and it does not lie in his mouth, under this state of the pleadings, to say the State is not entitled to them. Nor was it necessary when the petition had alleged that the taxes belonged to the state revenue and state interest fund, to have negatived the presumption that the collector paid them into the county treasury, as such an averment would have been inconsistent with the whole theory of the case.

*Error to the Cape Girardeau Circuit Court.*—HON.
HENRY C. RILEY, Judge.
AFFIRMED.

T. D. HINES for plaintiffs in error.

(1) The petition alleges no assessment against the railway companies. (2) The petition does not allege that either company had any property in Cape Girardeau county subject to taxation, at any time. (3) It is necessary to allege all the basic facts that would authorize a suit for the recovery of delinquent taxes, because if the taxes were illegally levied the State would have no right to sue for and recover them from the taxpayer. And the State must base its claim, to maintain its action, upon the strength of its right to the possession of the money, and not upon the weakness of the defendants' right to it. So far as the petition shows, the collector never had any right to collect this tax. (4) The State is not entitled to recover any part of any money or taxes illegally and unlawfully collected by a county collector. (5) The petition fails to allege that the defendant collector was, at the time, in the possession of the proceeds of the tax. Nor does it allege that he had not turned it into the county treasury.

EDWARD C. CROW, Attorney-General, for defendant in error.

BURGESS, J.—This is an action by the State at the relation of J. M. Seibert, State Auditor, upon the official bond of David B. Seibert as Collector of the Revenue of the county of Cape Girardeau, from March 1, 1891, until March 1, 1893, during which time he is alleged to have collected the sum of $482.37, of the state revenues which he failed and refused to pay into the state treasury.

The petition, leaving off the formal parts, is as follows:

"The plaintiff states that at the general election held in the State of Missouri on the 8th day of November, 1892, he

was elected to the office of State Auditor for the period of four years from the ninth day of January, 1893; that as such officer he institutes this action.   The defendant, David B. Seibert, on the 4th day of November, 1890, was elected to the office of Collector of the Revenue within and for the county of Cape Girardeau, State of Missouri, for a period of two years, ending March 1, 1893.   On the fifteenth day of November, 1890, the said David B. Seibert as principal, with F. Tiedeman, Sam. D. Williams, W. C. Cracaft, Eli Abernathy, Joseph W. Williams, W. H. Miller, T. A. Wilson, George Seibert, J. C. Thompson, Peter Powell, R. P. Wilson, and L. H. Davis as sureties, made in duplicate and delivered respectively to the clerk of the county court of Cape Girardeau county and to the State Auditor, a bond or obligation in writing in the sum of seventy-five thousand dollars, of which the following is a copy:

  " 'Know all men by these presents, that we, David B. Seibert, as principal, and F. Tiedeman, Sam. D. Williams, W. C. Cracraft, Eli Abernathy, Joseph W. Williams, W. H. Miller, T. A. Wilson, George Seibert, J. C. Thompson, Peter Powell, R. P. Wilson, and L. H. Davis, as securities, are held and firmly bound unto the State of Missouri in the sum of seventy-five thousand dollars, for the payment of which we hereby bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. The condition of the above bond is such, however, that whereas the said David B. Seibert was on the fourth day of November, 1890, duly elected to the office of Collector of the Revenue within and for the county of Cape Girardeau, in the State of Missouri, and has been duly commissioned.   Now, therefore, if the said David B. Seibert shall faithfully and punctually collect and pay over all state, county and other revenue for the two years next ensuing the first day of March, 1891, and in all things faithfully perform all the duties of

his said office of collector, according to law, then this bond to be void; otherwise to remain in full force and effect.'

"A certified copy of said bond, with the names of the principal and sureties and all the indorsements thereon as the same appears of record in the office of the State Auditor, is herewith filed and marked 'Exhibit A.'

"On the seventeenth day of December, 1890, said bond was approved by the county court of Cape Girardeau county, and on the nineteenth day of December, 1890, the same was approved by the State Auditor; the defendant, David B. Seibert, thereupon entered upon the discharge of the duties of the office of Collector of the Revenue of said county and was discharging the same at the time of his failure and refusal to pay certain moneys collected by him into the state treasury as hereinafter particularly set forth. State taxes were levied in Cape Girardeau county for the years 1891 and 1892 against the Cape Girardeau Southwestern Ry. Co., as follows:

"For state revenue .... ..... ............ ...... $175.11
"For state interest ........ .................. ...... 87.56

And against the St. Louis, Cape Girardeau and Fort Smith Ry. Co., as follows:

"State revenue .......... ........ ..  ..........$131.82
"State interest ............................ 87.88

making a total of $482.37, state taxes levied in said county for the years aforesaid. Said taxes so levied were properly entered upon the tax books for said years and were delivered to said collector and he was charged with the same; that said taxes were collected by said collector and that he has failed and refused to pay the same into the state treasury as required by law. Plaintiff states that by reason of defendant David B. Seibert's failure to pay said money into the state treasury, he, with his sureties aforesaid, have become liable to the State of Missouri in the said sum of four hundred and eighty-two dollars and thirty-seven cents.

"Wherefore plaintiff prays judgment against the defendants herein for seventy-five thousand dollars, the penalty of said bond, and that execution issue against defendants for four hundred eighty-two dollars and thirty-seven cents, the damage aforesaid, and for costs."

Defendants demurred to the petition upon the ground that it fails to state a cause of action. The demurrer was overruled; whereupon the petition was dismissed as to the defendant L. H. Davis, and defendants declining to plead further, judgment was rendered for the amount of the penalty of the bond, and execution awarded against them for the sum of $525.75.

Defendants bring the case here by writ of error.

It is claimed that the petition is fatally defective in that it does not allege the ownership of any property in said county by either of the railroad companies named in the petition, and does not allege the assessment of any property to either of said companies for the years of 1891 and 1892. That it discloses no right or authority to levy a tax against said companies, or authority in the collector to collect the tax, or that the collector was at the time of the commencement of the suit in the possession of the proceeds of the tax.

By the demurrer all material allegations in the petition stand admitted. These are that in 1891 and 1892, the taxes were levied against the Cape Girardeau Northwestern Railway Company and against the St. Louis, Cape Girardeau and Fort Smith Railway Company, as therein set forth; that they were properly entered upon the tax books for said years, and that the tax books were delivered to the collector and the taxes thereafter collected by him, and that he has failed and refused to pay them into the state treasury.

The collector having admitted by the demurrer the levy of the taxes, their extension upon the tax books, the delivery of the tax books to him and the collection of the taxes by him, and that he had failed to pay them into the state treasury,

is in no position to deny that the railroad companies were the owners of the property with which they were assessed, and from which the taxes were derived. Having received the taxes as the representative of the State, it was his duty to pay them into the state treasury as provided by statute (R. S. 1889, sec. 7637), and it does not lie in his mouth under the state of the pleadings to say that the State is not entitled to them.

It is also insisted that the petition does not negative the presumption that the collector had paid the money into the county treasury, and that the demurrer should have been sustained for this additional reason, but there is no merit in this position. The petition charges that the taxes collected were for state revenue and state interest funds, which, under the law, the collector was required to pay into the state treasury, and it was not only unnecessary for it to allege that the money had not been paid over to the county, but such an averment would be inconsistent with the whole theory of the case, that is, that the taxes collected are state revenues.

Finding no reversible error in the record we affirm the judgment.

GANTT, P. J., and SHERWOOD, J., concur.